IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SANDRA S. COULTER,

          Plaintiff,

          vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security

          Defendant.

Case No. 07-1216-JTM

**MEMORANDUM AND ORDER**

    Presently before this court is Sandra Coulter's petition for review of a final decision of the Commissioner of Social Security (Dkt. No. 7). Coulter's application for Social Security disability benefits was denied initially, and on reconsideration, upon the determination by the Administrative Law Judge (ALJ) that Coulter was not disabled under sections 216(i), 223(d) and 1614(a)(3)(A) of the Social Security Act. For the following reasons, this court denies the appeal and affirms the decision of the ALJ.

**I. Background**

    Coulter filed two applications made under the Social Security Act in which she alleged a disability beginning on February 5, 2004. First, Coulter protectively filed an application for supplemental security income on December 27, 2004. Second, Coulter filed a Title II application for a period of disability and disability insurance benefits on January 12, 2005. Coulter's claims were denied initially and on reconsideration. On April 5, 2007, following a hearing, an ALJ

rendered a decision finding Coulter ineligible for Social Security benefits. On June 27, 2007, the Appeals Council of the Social Security Administration denied Coulter's request for review; as such, the decision of the ALJ stands as a final decision. Coulter then timely filed a complaint with this court.

Coulter claims that the ALJ erred by: (1) concluding that her mental impairments were not severe; (2) failing to base the findings as to her residual functional capacity (RFC) upon the substantial evidence of record; and (3) concluding that she could return to past work.

Coulter was born in 1953 and was 53 years old at the time of her hearing before the ALJ. Coulter claims that she became disabled as of February 25, 2004, from back pain that caused an inability to stand more than two hours at a time. Coulter completed ninth grade and was trained as a certified nurse's assistant, medication aide, and restorative aide. At the time of her hearing, Coulter was employed by Medical Lodge North, where she worked as a laundry aide about 14 hours per week. The detailed facts of the case, which are incorporated herein, are set forth independently in the ALJ's opinion (Tr. 13-23), and in the brief of the plaintiff (Dkt. No. 7, at 2-6).

The ALJ concluded that Coulter had not been under a disability within the meaning of the Social Security Act from February 5, 2004, the alleged onset date, through April 5, 2007, the date of the decision. Specifically, the ALJ found that Coulter had not engaged in substantial gainful activity since February 5, 2004, the alleged onset date, and Coulter had severe impairments of arthritis in the lumbar spine, morbid obesity, and non-insulin dependent diabetes, as well as the non-severe impairments of hypertension and dysthymia. Further, the ALJ found Coulter did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. The ALJ also found that Coulter had the

residual functional capacity to perform work at the light exertional level and she was capable of performing past relevant work as a laundry worker.

This court's review is guided by the Social Security Act, which provides, in part, that the "findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  Accordingly, the court must determine whether the factual findings of the Commissioner are supported by substantial evidence in the record  and whether the ALJ applied the correct legal standard.  *White v. Barnhart*, 287 F.3d 903, 905 (10th Cir. 2001).  Substantial evidence is more than a scintilla, but less than a preponderance; in short, it is such evidence as a reasonable mind might accept to support the conclusion.  *Castellano v. Sec'y of Health and Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994); *Gossett v. Bowen*, 862 F.2d 804 (10th Cir. 1988).  The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency."  *White*, 287 F.3d at 905 (quoting *Casias v. Sec'y of Health and Human Serv.*, 933 F.2d 799, 800 (10th Cir. 1991)).

An individual is under a disability only if that individual can "establish that she has a physical or mental impairment which prevents her from engaging in substantial gainful activity and is expected to result in death or to last for a continuous period of at least twelve months." *Brennan v. Astrue*, 501 F. Supp. 2d 1303, 1306-07 (D. Kan. 2007) (citing 42 U.S.C. § 423(d)).  The impairment must be severe enough that she is unable to perform her past relevant work, and further cannot engage in other substantial gainful work existing in the national economy, considering her age, education, and work experience.  *Barnhart v. Walton*, 535 U.S. 212, 217-22 (2002); 20 C.F.R. § 416.920 (2005).

Pursuant to the authority of the Social Security Act, the Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled. *Allen v. Barnhart*, 357 F.3d 1140, 1142 (10th Cir. 2004); 20 C.F.R. § 404.1520(a) (2003). The steps are followed in order, and if it is determined that the claimant is or is not disabled at a step of the evaluation process, evaluation under a subsequent step is unnecessary.

The first three steps require the Commissioner to assess whether claimant has engaged in substantial gainful activity since the alleged onset of the disability, whether she has severe impairments, and whether the severity of her impairments meets or equals a specific list of impairments. *Williams v. Bowen*, 844 F.2d 748, 751 (10th Cir. 1988). If the impairment does not meet or equal a listed impairment, the ALJ must determine the claimant's residual functional capacity (RFC), which is her ability to do physical and mental work activities on a sustained basis despite limitations from her impairments. 20 C.F.R. § 416.920(e).

Upon assessing the claimant's RFC, the Commissioner can then move on to steps four and five, which require assessing whether the claimant can perform her past relevant work and whether she can generally perform other work in the national economy. *Williams*, 844 F.2d at 751. The claimant bears the burden throughout steps one through four to prove a disability that prevents performance of past relevant work. *Dikeman v. Halter*, 245 F.3d 1182, 1184 (10th Cir. 2001). The burden then shifts to the Commissioner at step five to show other jobs in the national economy that are within the claimant's capacity to perform. *Haddock v. Apfel*, 196 F.3d 1084, 1088 (10th Cir. 1999).

In this case, Coulter argues the ALJ incorrectly determined that her mental impairments were not severe, failed to base the RFC upon the substantial evidence in the record, and erroneously

concluded that she could return to her past work. The Commissioner responded that the ALJ correctly evaluated the credibility of subjective complaints, and that the ruling is supported by substantial evidence.

Coulter argues that the ALJ should have included depression among the list of her "severe" impairments. Specifically, she argues that the ALJ erred in failing to fully incorporate the findings of Dr. Darwin Anderson (Ph.D.) (who examined Coulter on July 8, 2004), and Dr. Stephen Hoyer (Ph.D.) (who did so on February 25, 2005). (Tr. 294, 299). The ALJ noted the results of these examinations, but concluded that they did not support a finding of a severe mental impairment, because neither indicated an impact on Coulter's ability to work, because of Coulter's reported daily activities, and the ALJ's conclusion that the second examination reflected a temporary increase in Coulter's symptoms.

The court finds that the plaintiff has not demonstrated error. Dr. Anderson stated that Coulter had "mild to moderate symptoms of depression" which he believed "might improve significantly" with treatment. (Tr. 299). Dr. Hoyer merely indicated that Coulter had some "symptoms of depression" and that she "seems to have some limitations with regard to concentration and memory skills," but he also stressed that

> [t]hese limitations, however, clearly are not preventing her from working since she is working at the present time. She appears to be much more limited by the physical problems that she is experiencing. She reports no particular interference from psychological problems that she is experiencing.

(Tr. 294).

The ALJ did not ignore the conclusions of Anderson and Hoyer as to Coulter's mental symptoms, but in fact incorporated those into his findings. (Tr. 14-15). The ALJ appropriately

5

evaluated Coulter's condition pursuant to 20 C.F.R. §§ 404.1520a(c)(3), (d)(1); 416.920a(c)(3), (d)(1); 20 C.F.R. pt. 404, subpt. P, app. 1, §12.00C (2007) (Tr. 15-16), and determined that the effect of the mental impairment was mild. The ALJ noted that while Coulter had been evaluated for the asserted mental disorder, she had never sought counseling or medication for the condition. (Tr. 14). He noted that Coulter cared for her husband and two children, without any reduction in her ability to function in her daily life, and had "no more than mild difficulty maintaining social functioning," and "only mild difficulty maintaining concentration, persistence, or pace." (Tr. 16). The ALJ's assessment of the evidence was appropriate under the regulations, and the court finds that no error has been shown.

Coulter next contends that the ALJ's assessment of her RFC was in error because it failed to incorporate her mental disabilities. Specifically, the ALJ is alleged to have erred by not incorporating Dr. Edward Prostic's recommendation that Coulter avoid more than occasional bending, twisting, or using vibrating tools; and that he failed to accord weight to the opinions of Drs. Anderson and S. Subramanian by either substituting his own medical judgment or by failing give weight to the opinion that Coulter required periodic alterations in standing and sitting.

The court finds no error. The ALJ's opinion actually incorporates most of the findings of these medical sources, and discussed the elements of those findings. (Tr. 20-22). The determination that certain recommending restrictions should not be a part of the RFC was not an inappropriate substitution of judgment, but a carefully reached conclusion premised on substantial evidence. Specifically, the ALJ determined that the additional restriction proposed by Dr. Prostic was not supported in the objective record of the examination or the X-rays. (Tr. 20). The ALJ found the medical consultant Dr. Subramanian's opinion was not entitled to substantial weight because he was

not a treating source (Tr. 20), because his findings were not supported by Subramanian's own objective findings, and because those findings were at variance with the findings of the other consulting and treating medical sources. (Tr. 21). The ALJ noted Dr. Anderson's recommendation that Coulter sit for 30 minutes before changing posture, but also noted that this was contradicted by Coulter's own statements as to her physical abilities, and by her daily activities. (Tr. 22).

The evaluation of evidence was consistent with controlling legal standards. An ALJ may discount medical recommendations which are not supported by objective findings or which are inconsistent with other evidence in the record. *Hayes v. Callahan*, 976 F. Supp. 1391, 1395 (D. Kan. 1997). Further, Dr. Anderson, a licensed Ph.D. psychologist, is not qualified to give an opinion as to Coulter's physical limitations. Although the plaintiff criticizes the ALJ's citation to consultative examinations, these remain appropriate evidence for consideration, Social Security Ruling 96-6p, and may be utilized where, as here, the results of such examinations are otherwise consistent with the remaining evidence. Coupled with that other evidence, the court finds no error in the ALJ's assessment of Coulter's RFC.

Finally, Coulter argues that the ALJ erred in failing to consider the mental demands of her past work and how those related to her RFC. In his opinion, the ALJ concluded that Coulter retained the ability to perform her prior work as a laundry worker. The ALJ's evaluation as step four was not erroneous. The ALJ specifically noted Coulter's description of her work as to the requirements for walking (three hours per day), standing (three hours) and sitting (three hours). (Tr. 22). The job, the ALJ noted, summarizing Coulter's own description, did not require any climbing, stooping, kneeling, crouching, crawling or reaching, but did require handling objects for some three hours each day. (*Id*.) She did not have to lift more than ten pounds, and she did not have to supervise anyone. (*Id*.) The ALJ

also noted the statement of her supervisor stated that Coulter can sit down while the washer and dryer were running. (Tr. 23). The ALJ's determination at step four was thus closely tied to the plaintiff's own description of the job. This assessment is supported by substantial evidence and the record supported the ALJ's determination that Coulter could successfully perform that job.

IT IS ACCORDINGLY ORDERED this 29th day of September, 2008, that the appeal of the plaintiff is hereby denied.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE
